**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marc J. Laporte,<br><br>Plaintiff,<br><br>-v-<br><br>Millennium Auto LLC, Millennium Toyota LLC, Does 1–10, Santander Consumer USA Inc.,<br><br>Defendants. | 2:25-cv-3389<br>(NJC) (AYS) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

This action arises out of a Retail Installment Sales Contract ("RISC") between Plaintiff Marc Laporte and Defendant Millennium Auto LLC ("Millennium Auto") for the purchase of a vehicle (the "Vehicle"). (Am. Compl., ECF No. 16.) Laporte, proceeding pro se, filed this slander of title action against Millennium Auto, Millennium Toyota LLC ("Millennium Toyota"), Does 1–10, and Santander Consumer USA Inc. ("Santander," and together, "Defendants") on June 16, 2025, seeking a judicial declaration quieting title to the Vehicle and extinguishing any claims by Defendants on the Vehicle, in addition to a declaration that Defendants' claims of ownership are void, any recorded or registered interest is nullified, and that Defendants have no legal enforcement rights over the RISC. (*Id.*) Laporte also brings false representation and unfair practices claims against Defendants under the Fair Debt Collection Practice Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. (*Id.*)

Santander filed an Answer to the Amended Complaint on October 10, 2025, asserting the following affirmative defenses:

- Plaintiff's claims against Santander are barred, in whole or in part, because Santander did not fail to provide validation notices under FDCPA.

- Plaintiff's claims in Plaintiff's Complaint are barred, in whole or in part, because the Complaint fails to state claims upon which relief can be granted.

- Plaintiff's claims are barred, in whole or in part, to the extent he lacks standing to bring them for any reason, including, but not limited to, due to a [sic] lack of Article III injury.

- Plaintiff's claims are barred, in whole or in part, because Santander acted at all times in a reasonable manner and was neither negligent not [sic] willful.

- Plaintiff's claims are barred because Santander maintained reasonable policies and procedures at all times relating to the handling of credit disputes.

- Plaintiff's claims in Plaintiff's Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

- Plaintiff's claims in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver or estoppel.

- Plaintiff's claims are barred, in whole or in part, because any violation by Santander (which Santander denies) was not the sole or proximate cause of any harm suffered by Plaintiff.

(ECF No. 24.)

Before the Court is Laporte's motion to strike Santander's affirmative defenses (the "Motion") under Rule 12(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot. to Strike Aff. Defenses ("Mot."), ECF No. 27.) Laporte argues that Santander's affirmative defenses are "insufficient, redundant, immaterial, and devoid of factual support, and that

1. Each asserted affirmative defense is conclusory and fails to provide the factual predicate necessary to give fair notice under Rule 8(c).

2. Defendant's defenses of waiver, estoppel, and failure to mitigate are formulaic recitations and should be stricken.

3. Defendant's generalized claim of "reasonable policies and procedures" is

> contradicted by documentary evidence of reckless disregard for accuracy obligations under the FCRA.

(*Id*.) For the reasons set forth below, the Motion is DENIED.

**LEGAL STANDARDS**

Under Rule 12(f), Fed. R. Civ. P., "a court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." In order to prevail on a motion to strike an affirmative defense, a plaintiff must show that "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense." *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019). Courts evaluate the sufficiency of the affirmative defenses by applying the plausibility standard set forth in *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 554 (2007). *Id*. at 98. Whether prejudice "should be a basis for dismissing or opposing the addition of an otherwise valid affirmative defense will normally depend on when the defense is presented." *Id*. "A factually sufficient and legally valid defense should always be allowed if timely filed," whereas "prejudice may be considered, and, in some cases, may be determinative," where the defense is first raised at a later stage in the litigation, "beyond the normal time limits[.]" *Id*. at 98–99.

"Apply[ing] the *Twombly* standard to affirmative defenses is 'a context specific task,' and 'the degree of rigor appropriate for testing the pleading of an affirmative defense' may be lesser than that used to test the pleading of a complaint." *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-4274, 2025 WL 3022375, at *2 (S.D.N.Y. Oct. 29, 2025) (quoting *GEOMC*, 918 F.3d at 98). As a result, "courts may apply a 'relaxed version' of the plausibility standard where it is warranted by (1) the limited period of time a pleader of an affirmative defense has relevant to the

pleader of a complaint; and (2) the nature of the affirmative defense, i.e. whether factual support is readily available." *Abdou v. Walker*, No. 19-cv-1824, 2022 WL 3334700, at *2 (S.D.N.Y. Aug. 12, 2022) (quoting *GEOMC*, 918 F.3d at 98).

**DISCUSSION**

Laporte's first two arguments in support of his motion to strike the affirmative defenses—that "[e]ach asserted affirmative defense is conclusory and fails to provide the factual predicate necessary to give fair notice under Rule 8(c)" and that the defenses of waiver, estoppel, and failure to mitigate in particular "are formulaic recitations"—are unavailing at this early stage in the litigation, where discovery has yet to commence. (Mot. at 1.) Courts have routinely held that affirmative defenses that "are essential boilerplate . . . do give Plaintiff fair notice of the nature of the defenses," and here, "it does not appear that [the defenses at issue] are so legally insufficient that they should be stricken." *Summers v. Cnty. of Nassau*, No. 25-cv-4039, 2026 WL 1640493, at *5 (E.D.N.Y. May 7, 2026); *see also Kelly v. 21 Grp. Inc.*, No. 22-cv-226, 2023 WL 5831131, at *6 (E.D.N.Y. Sept. 8, 2023) (same); *Douglas v. Albany Police Dep't*, No. 1:24-cv-807, 2024 WL 4818626, at *2 (N.D.N.Y. Nov. 18, 2024) (same). Laporte also fails to address whether and how he may be prejudiced by the inclusion of these affirmative defenses at this stage of the litigation, which further supports denying the Motion. *See Summers*, 2026 WL 1640493 at *5 (denying plaintiff's motion to strike boilerplate affirmative defenses where plaintiff failed to "provide[] the Court with how she will be prejudiced by a denial of the instant motion"); *Agostisi v. Bendo*, No. 21-cv-7182, 2023 WL 5334396, at *5 (E.D.N.Y. Aug. 18, 2023) ("Here, Defendants have failed to establish that the challenged allegations would result in prejudice—a necessary showing."); *Antolini v. Nieves*, No. 19-cv-7645, 2020 WL 5117915, at *2

(S.D.N.Y. Aug. 31, 2020) (denying a motion to strike where "Plaintiff's argument is entirely conclusory" and "Plaintiff has entirely failed to demonstrate why it would be prejudiced by the inclusion of these affirmative defenses, which is a separate basis to deny Plaintiffs' arguments"). Accordingly, Laporte's motion to strike the affirmative defenses on the basis that they are "conclusory," fail to provide notice, and are "formulaic recitations" is denied.

Additionally, Laporte's motion to strike Santander's affirmative defense that it maintained "reasonable policies and procedures" on the basis that this defense is "contradicted by documentary evidence" is inappropriate at this stage of the proceedings. The parties have yet to commence discovery, and the "documentary evidence" on which Laporte relies to make his argument is not yet before the Court. Accordingly, the Court cannot credit Laporte conclusory assertion that Santander's affirmative defense relating to reasonable policies and procedures will be contradicted by the factual record. *See Petroci v. Transworld Sys., Inc.*, No. 12-cv-729A, 2012 WL 5464597, at *3 (W.D.N.Y. Oct. 19, 2012) ("In short, the Court believes that whether there is a factual bases for the affirmative defenses should be addressed during the discovery process and not through a motion to strike or a motion for judgment on the pleadings."), *report and recommendation adopted*, No. 12-cv-729, 2012 WL 5464579 (W.D.N.Y. Nov. 8, 2012); *Hintermaier v. Equifax Info. Servs. LLC*, No. 24-cv-9697, 2025 WL 4377764, at *7 (S.D.N.Y. Nov. 26, 2025) (denying plaintiff's motion to strike defendant's reasonable procedures defense because "there are questions of law and/or fact that would allow the reasonable procedures defense to succeed" even where defendant "has not described the procedures it contends were reasonable" in its defense). Furthermore, if Santander's affirmative defense that it maintained "reasonable policies and procedures" can be contradicted by the factual record, "its continued

presence in the pleadings does not prejudice" Laporte. *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, No. 11-cv-1638, 2012 WL 612358, at *16 (S.D.N.Y. Feb. 23, 2012) ("To the extent a particular defense cannot conceivably succeed, as a matter of law or as a matter of fact, its continued presence in the pleading does not prejudice [plaintiff]."). As such, Laporte's motion to strike Santander's affirmative defense that it maintained "reasonable policies and procedures" is denied.

**CONCLUSION**

For the reasons set forth above, Laporte's motion to strike Santander's affirmative defenses is denied.

Dated: Central Islip, New York
September 21, 2026

*/s Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge